Carroll, }
Dec., 1896. }

### PETITION OF THE WOLFEBOROUGH SAVINGS BANK.

When the assets of a savings bank have been reduced in value below the amount due depositors, a petition for an abatement of taxes to a corresponding extent may be maintained.

A statute changing the mode of judicial procedure to enforce a right, but which does not affect the right itself, may be applied to a cause of action which accrued before its enactment.

PETITION, for abatement of taxes, alleging that in October, 1893, upon the petition of the bank commissioners, the bank was enjoined from receiving deposits or paying out any money to depositors, except as decreed by the court; that on October 1, 1894, the deposits were cut down by order of the court to the amount of twenty-five per cent of the whole sum due depositors, to wit, in the sum of $38,069.98; and that the petitioners had paid taxes on that sum for that year, amounting to $380.70.

The prayer of the petition is that an abatement of $380.70 may be ordered and decreed by the court, and that the same be certified to the governor of the state, that he may draw a warrant for the payment to the petitioners of the sum aforesaid, agreeably to c. 90, Laws 1895, passed March 28 of that year.

It is admitted that the allegations of the petition are true; but it is objected that no relief can be had under the act of 1895, because the tax was assessed and paid before the act was passed.

*Sewall W. Abbott*, for the petitioners.

*Edwin G. Eastman*, attorney-general, for the state.

BLODGETT, J. "Any savings bank, trust company, state bank, or insurance company, which may claim the taxes assessed upon it under the general laws are unequal or inequitable, may apply to the supreme court for an abatement thereof; and the supreme court shall, upon a hearing, abate said tax of such corporation to such an amount as may appear equitable." Laws 1895, c. 90, s. 1.

It is immaterial that the tax on which the present petition is founded was assessed and paid before the passage of this act. The act merely varies the mode of procedure in proceedings for abatement by substituting the court for the legislature, without in any manner affecting the right itself; and therefore it may properly be applied to causes of action which accrued before its passage as well as to those accruing thereafter. *Willard* v. *Harvey*, 24 N. H. 344, 352–354; *Rich* v. *Flanders*, 39 N. H. 304, 345; 23 Am. & Eng. Enc. Law 450, and the numerous cases there cited.

No other objection to the petition being made, and it further appearing that the petitioners have been subjected to the payment of a tax twenty-five per cent in excess of what it ought to have been, equity (which in the matter of taxation is synonymous with equality) requires an abatement to a corresponding extent. See *Petition of Savings Bank*, 68 N. H. 384.

*Petition granted.*

All concurred.